# EXHIBIT A

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
CALENDAR: 15
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

Motion & Order in Special Process (This form replaces CCM1-120)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MATTHEW WARCIAK, individually and on behalf of all others similarly situated,

Plaintiff(s)

v.

NIKIL, INC., a Delaware corporation

Defendant(s)

No. _____

## MOTION

*1. SERVICE OF PROCESS in this cause has not been made by the Sheriff. The Sheriff's return, not found, is dated _____, _____.

*2. The Sheriff of _____ County has not attempted service of process upon the defendant, however, the following facts as set forth more specifically in the attached affidavit provide a sufficient basis for the appointment of a special process server.

Petitioner moves the court to order service of process to be made by:

NAME _____
ADDRESS _____
EMPLOYMENT _____
(NAME AND ADDRESS)
_____

A person over 18 years of age and not a party to this action.

Atty. No.: _____
Name: _____
Attorney for: _____
Address: _____
City/State/Zip: _____
Telephone: _____

**Support of Motion:**

1) Defendants are each incorporated in California;
2) Defendants each have headquarters in California; and
3) Defendants each have registered agents to accept service in California.
4) Therefore, appointing a special process server in California would facilitate the administration of justice.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements set forth herein are true and correct or on information and belief, certifies that he/she verily believes the same to be true.

_____, _____          _____
Date                            Movant or Attorney for Movant

## ORDER

IT IS HEREBY ORDERED that ☐ _____
is hereby appointed to make service of process in this cause. ☐ this motion is stricken.

Reason: _____

Dated _____, _____          ENTERED: _____
                                                   Judge          Judge's No.

*Strike inapplicable paragraph.

THE AFFIDAVIT OF RETURN OF SERVICE upon execution shall be stapled to the back side of the Court Summons and returned to court.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons

(12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MATTHEW WARCIAK;

v.

NIKIL, INC.

No. 2016-CH-05729

Defendant Address:
NIKIL, INC.
542 BRANNAN ST.
APT 307
SAN FRANCISCO, CA 94107

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 , Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:
This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 44146
Name: KAMBER EDELSON LLC
Atty. for: MATTHEW WARCIAK
Address: 350 N LASALLE 1300
City/State/Zip Code: CHICAGO, IL 60654
Telephone: (312) 589-6370
Primary Email Address: amissaghi@edelson.com
Secondary Email Address(es):

Witness: Friday, 22 April 2016

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
CALENDAR: 15
PAGE 1 of 13
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MATTHEW WARCIAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NIKIL, INC., a Delaware corporation,<br><br>Defendant. | Case No.: |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Matthew Warciak brings this Class Action Complaint and Demand for Jury Trial against Defendant Nikil, Inc. ("Nikil") to stop its practice of making unwanted and unsolicited text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant Nikil operates a mobile application called Down To Lunch that the New York Times referred to as "the hottest new social app in America.[1]" In an effort to quickly gain more users for Down To Lunch's mobile application, Nikil sent text message advertisements to consumers' cellular telephones urging them to download the app on their mobile devices.

2. This marketing technique is commonly known as "spam-viting" or "growth

---

[1] *Down to Lunch Founders Pursue Less-Traveled Path to App Success - The New York Times*, http://www.nytimes.com/2016/04/21/technology/personaltech/down-to-lunch-founders-pursue-less-traveled-path-to-success.html (last visited Apr. 22, 2016).

1

hacking," and is used by mobile app developers (like Nikil) to quickly gain a larger user base for the purpose of inflating their valuation and attracting investors.

3. Nikil did not obtain prior express consent from such consumers to make such text message calls and, therefore violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA").

4. The TCPA was enacted to protect consumers from unsolicited and unwanted calls, exactly like those alleged in this case. Nikil made these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provided Nikil with their prior express consent to receive such text messages. Similarly, the ICFA was enacted to protect Illinois consumers from unfair and unlawful methods of competition, such as unwanted and unlawful text message advertisements at issue here.

5. By sending spam text messages, Nikil has violated the privacy and statutory rights of Plaintiff and the Class and caused them harm, not only by subjecting them to the aggravation that necessarily accompanies the receipt of unsolicited spam text messages, but also because consumers frequently have to pay their wireless providers for the receipt of such unsolicited text message calls.

6. As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Nikil to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff Matthew Warciak is a natural person and citizen of the State of Illinois.

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 2 of 13

8.  Defendant Nikil, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 542 Brennan St. Apt 307, San Francisco, CA 94107. Nikil conducts business throughout this County, the State of Illinois, and the United States.

## JURISDICTION AND VENUE

9.  The Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(b)(4) and venue is proper because the Defendant is a corporation that conducts business in Illinois and because Plaintiff Warciak resides and received the unlawful text messages in Cook County.

## COMMON FACTUAL ALLEGATIONS

10. In 2015, Nikil developed a mobile application called Down To Lunch that aimed to allow consumers easily and spontaneously meet friends in person.[2] The Down To Lunch mobile application quickly grew in popularity, and it became the top free social networking application in Apple's App Store.[3]

11. Given the relatively low cost associated with sending bulk text messages, many marketers and mobile app developers have turned to disseminating advertisements or promotions through mass text message campaigns.

12. Seeking to market its Down To Lunch mobile application to consumers throughout the United States and, in turn, grow its user base, Nikil engaged in this especially invasive form of advertising.

13. Nikil obtained the recipient's phone numbers by scrapping its users' contact lists and sending unauthorized text messages to the phones of thousands of consumers across the country. Nikil caused the application to automatically send text messages and programmed the

---

[2] *Id.*
[3] *Id.*

3

body of the text messages to read:

> Hey [recipient's name]! [app user's name] personally invited you to the Down To Lunch app so you can both hang out together! The app shows you which friends are free to eat, study, or drink! Join [list of app user's contacts] and 14 other friends and get it now on the App Store or here: www.getdowntolunch.com/[custom hyperlink]

14. By accessing data from a user's contact list, Nikil was able to personalize the text message to include the recipient's name as well as the names of five other users (that the recipient may know) that purportedly signed up for the Down To Lunch mobile application.

15. Nikil also includes a hyperlink in each text message with a unique URL that allows Nikil to track whether a specific link is clicked on or used. Each hyperlink and unique URL combination directs the user to the Down To Lunch website where it promotes the Down To Lunch mobile application, or to the Down To Lunch download page on Apple's App Store when opening the link on an iPhone.

16. Despite the personalized nature of the text message, the content was drafted entirely by Defendant. Indeed, Nikil does not let the app user sender modify, review, or alter the content of the promotional text message. Instead, Nikil alone has the full control over the content of the messages, the timing of its transmission, and the number from which it is sent. Moreover, the Down To Lunch mobile app does not inform or warn the app user that an invitee will be sent a text message, nor does it obtain (or require) an invitee's consent prior to sending a text message.

17. The programmable nature of the text messages sent by Nikil indicates that it used an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Nikil has the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 4 of 13

4

automated fashion without human intervention. Nikil's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

18. In fact, the promotional text message calls alleged herein were exclusively made and initiated by Nikil and not by any consumer. Nikil made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

19. While Nikil sent these unauthorized text messages to consumer to solicit them to download its Down To Lunch mobile application, it never obtained recipients' consent to do so.

20. Through its conduct, Nikil has caused consumers actual harm by sending unauthorized text message calls at issue. Plaintiff and members of the Class were not only subjected to the aggregation that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages.

21. Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Nikil's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 5 of 13

## FACTS SPECIFIC TO PLAINTIFF WARCIAK

22. On April 21, 2016, Nikil sent a text message from (425) 529-5587 to Plaintiff's telephone number. *See* Figure 1.

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 6 of 13



(**Figure 1**, showing unauthorized text message with names of non-party individuals redacted for privacy.)

23. Plaintiff was not a user of Down to Lunch and Plaintiff did not provide his cellular telephone number to Defendant prior to receiving the text message. As such, Plaintiff did not provide any form of prior express consent to receive text messages from Defendant.

24. Defendant's intrusive text messages adversely affected Plaintiff's right to privacy.

25. Defendant was and is aware that the above-described text message calls were being made on a widespread basis, and that the text message calls were being made to consumers who had not consented to receive them.

6

## CLASS ACTION ALLEGATIONS

26. **Class Definition**: Plaintiff Warciak brings this action pursuant to 735 ILCS 5/2-801 on behalf of himself and a class and subclass defined as follows:

> **Class**: All persons in the United States who received one or more text messages advertising the Down To Lunch mobile application.
>
> **Illinois Subclass**: All members of the Class who reside in the State of Illinois.

Excluded from the Class and Illinois Subclass (collectively the "Class," unless otherwise indicated) are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent promotional text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

**The Class**:

    (a) Whether Defendant's conduct violated the TCPA;

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 7 of 13

7

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 8 of 13

(b) Whether Defendant sent text messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

(c) Whether Defendant systematically sent promotional text messages to persons who did not previously provide it with prior express consent to receive such text message calls; and

(d) Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**The Illinois Subclass:**

(a) Whether Defendant systematically sent the promotional text messages to persons who did not previously provide it with prior express consent to receive such text message calls;

(b) Whether Defendant's conduct violates the ICFA; and

(c) Whether Plaintiff and the members of the Illinois Subclass are entitled to actual damages, attorneys' fees, and costs.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

30. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to

8

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 9 of 13

Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

31. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

32. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. In an effort to promote its mobile app, Nikil made unsolicited and unwanted text message calls to Plaintiff's and the Class's cellular telephones without their prior express

9

consent.

35. Nikil sent the promotional text messages to Plaintiff's and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse.*

36. Nikil utilized equipment that sent the promotional text messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

37. By sending the promotional text messages to Plaintiff's and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Nikil violated 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of Nikil's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

39. Because Nikil's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

40. Additionally, as a result of Nikil's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Nikil's violations of the TCPA do not continue into the future.

### SECOND CAUSE OF ACTION
### Violation of 815 ILCS 505/1, *et seq.*
### (On behalf of Plaintiff and the Illinois Subclass)

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 10 of 13

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 11 of 13

42. The ICFA prohibits any unlawful, unfair, or fraudulent business acts or practices.

43. Plaintiff and the members of the Illinois Subclass are "persons" under the IFCA. *See* 815 ILCS 505/1(c).

44. Nikil is a business entity or association that operates a service through its Down To Lunch mobile app and, as such, is a "person" engaged in "trade" and "commerce" under the IFCA. *See* 815 ILCS 505/1(c).

45. Defendant engaged in unfair acts and practices in violation of 815 ILCS 505/2 by sending (or having sent on its behalf) the unwanted and unsolicited promotional text messages to Plaintiff and the members of the Illinois Subclass. In particular, Nikil's text messaging practices are unfair business practices because they are deceptive and cause substantial injury to the call recipients.

46. Nikil's unwanted and unsolicited promotional text messages are contrary to public policy because they are unlawful under the TCPA, as described in the First Cause of Action above.

47. As a result of Nikil's conduct, Plaintiff and each Illinois Subclass member suffered damages in the form of the cost associated with receiving the unwanted and unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription services (*i.e.*, the value of such equipment and services is higher when unencumbered by repeated and unwanted text message advertisements), the measureable amounts of time lost answering and deleting the unwanted text messages, the wear and tear caused to their telephone equipment, the loss of battery charge (which becomes diminished with each incoming text message), the loss of battery life (which has a finite number of charging cycles), and the per-kilowatt electricity costs required to recharge their cellular phones as a result

11

of such text messages. While the economic damages to Plaintiff and each individual of the Illinois Subclass members may be small, their aggregate injuries are substantial.

48. In addition, Nikil's unlawful and unfair text message advertising (*i.e.*, spam-viting) gave it an unfair competitive advantage over businesses that advertise their mobile applications lawfully.

49. Nikil's unlawful and unfair business practices occurred during the course of trade or commerce, and were material and a direct cause of the injuries suffered by Plaintiff and the members of the Illinois Subclass.

50. Nikil's unfair and unlawful conduct negatively affects large numbers of Illinois residents, and these effects are not outweighed by any countervailing benefits to consumers.

51. Therefore, Plaintiff seeks an order: (i) permanently enjoining Nikil from continuing to engage in the unfair conduct described here; (ii) requiring Nikil to pay actual and compensatory damages; and (iii) requiring Nikil to pay interest, attorneys' fees and costs.

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 12 of 13

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Matthew Warciak, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying the Class as defined above, appointing Plaintiff Matthew Warciak as the representative of the Class, and appointing his counsel as Class Counsel;

(b) An order declaring that Nikil's actions, as set out above, violate the TCPA and ICFA;

(c) An order declaring that Nikil's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

(d) An injunction requiring Nikil's to cease all unlawful text message activities and

enjoining Nikil from using automated or computerized dialing equipment to place text message calls without consent;

  (e) An order requiring Nikil to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

  (f) An order requiring Nikil to permanently cease-and-desist from all unlawful conduct as alleged herein and otherwise protecting the interests of the Class;

  (g) An award of actual, statutory, and treble damages;

  (h) An award of reasonable attorneys' fees and costs; and

  (i) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

ELECTRONICALLY FILED
4/22/2016 10:19 PM
2016-CH-05729
PAGE 13 of 13

Respectfully submitted,

**MATTHEW WARCIAK**, individually and on behalf of all others similarly situated,

Dated: April 22, 2016  By: _____
           One of Plaintiff's Attorneys

Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146

*Attorney for Plaintiff and the Putative Class*

13