UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MATTHEW WARCIAK, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> NIKIL, INC., a Delaware corporation, <br><br> *Defendant*. | Case No. 16-cv-5731 <br><br> The Honorable Thomas M. Durkin |

## INITIAL JOINT STATUS REPORT

Plaintiff Matthew Warciak and Defendant Nikil, Inc., (collectively, the "Parties") hereby submit the following Initial Joint Status Report pursuant to Fed. R. Civ. P. 26., LR 26.1, and the Court's Standing Order.

**I. NATURE OF THE CASE**
   **a. Attorneys of Record**

The attorneys of record for Plaintiff Warciak and the putative class are Rafey S. Balabanian, Eve-Lynn J. Rapp, and Stewart R. Pollock. Mr. Balabanian will serve as lead trial attorney.

The attorneys of record for Defendant are Steven P. Mandell, Danielle N. Twait, Rodger R. Cole, Bradley T. Meissner, and Annasara G. Purcell. Mr. Cole will serve as lead trial attorney.

   **b. Basis for Federal Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute. This Court has supplemental jurisdiction over Plaintiff's state law claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA") claim under 28 U.S.C. § 1367(a) because it is so related to his federal claims that it forms part of the same case or controversy under Article III of the United States Constitution. No issues exist with respect to personal jurisdiction or venue, and Defendant has been served.

   **c. Nature of the Claims and Relief Sought**

Plaintiff, on behalf of himself and a Class and Subclass of similarly situated individuals, alleges that Nikil violates the TCPA and the ICFA, by causing unsolicited text messages to be sent to consumers through its cell-phone based social networking application, Down To Lunch.

Plaintiff seeks (i) declaratory relief stating that Nikil used an automatic telephone dialing system ("ATDS") and violated both the TCPA and ICFA, (ii) injunctive relief requiring Nikil cease all unlawful text messaging, (iii) an award of actual, statutory, and treble damages, as well as reasonable attorneys' fees and costs, and (iv) any other relief that the Court may deem reasonable and just. Defendant denies all of Plaintiff's allegations and has moved to dismiss

Plaintiff's Amended Complaint on the ground that the Amended Complaint fails to state any claim for relief against Nikil under either the TCPA or the ICFA.

## II. PENDING MOTIONS AND CASE PLAN

### a. Pending Motions

On July 27, 2016, Defendant filed a Motion to Dismiss the Plaintiff's First Amended Complaint. A briefing schedule on Defendant's Motion to Dismiss has now been set. (Dkts. 22-23, 27.)

### b. Discovery Proposal and Deadlines

#### i. Type of Discovery Needed

**Plaintiff's Position:** Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (i) the total number of individuals who received unauthorized text message calls from Defendant; (ii) the total number of text messages calls Defendant sent to those individuals; (iii) the equipment Defendant used to send the text message calls; (iv) Defendant's policies and/or procedures related to the text message calls, obtaining consent, and the TCPA; (v) Defendant's records of consent, if any, to send the text messages; (vi) records of individual requests that Defendant cease making such text message calls; (vii) contracts and communications between Defendant and any agents related to the text message calls; and (viii) the present and historical mechanisms, procedures, and human interaction required by Defendant's mobile application in order for text messages to be sent.

**Defendant's Position:** Defendant anticipates that, should this case proceed to discovery, Defendant will seek discovery about, among other things, (i) the circumstances surrounding Plaintiff's receipt of the text message on which he bases his claims, including discovery from the friend who invited him to download the Down to Lunch app, and (ii) issues relevant to class certification, including the ascertainability of any putative class, whether Plaintiff's claims are typical of the class, whether common issues predominate over individual issues, and whether Plaintiff is an adequate representative of any class.

#### ii. Proposed Joint Discovery Schedule

**Defendant's Position:** Because Defendant's pending motion to dismiss rests on a clear and confined legal issue that could dispose of this case in its entirety and without any need for discovery, Defendant believes that discovery should not proceed in this case unless and until the Court determines that Plaintiff's Amended Complaint states an actionable claim for relief. In addition, should this case proceed to discovery, Defendant believes that this case may present opportunities to conserve party time and resources through phased discovery.

**Plaintiff's Position:** Plaintiff does not agree that discovery should be stayed, and Plaintiff opposes a phased approach to discovery, as it will create unnecessary inefficiencies, duplication, and delay. To the extent the Court believes any bifurcation is appropriate, Plaintiff requests that it be limited to an initial phase focused on class certification followed by merits discovery.

| EVENT | PLAINTIFF'S PROPOSAL | DEFENDANT'S PROPOSAL |
|---|---|---|
| *Exchange of Rule 26(1) Disclosures* | 14 days following the Rule 26(f) Conference | 14 days after any Order denying Defendant's motion to dismiss |
| *Initiate Written Discovery* | 30 days following the Rule 26(f) Conference | 30 days after any Order denying Defendant's motion to dismiss |
| *Deadline to Add Parties and/or Amend the Pleadings* | 5 months following the Rule 26(f) Conference: 1/10/2017 | 3 months after any order denying Defendant's motion to dismiss |
| *Deadline for Class and Merits Discovery* | 9 months following the Rule 26(f) Conference: 5/10/2017 | 9 months after any order denying Defendant's motion to dismiss |
| *Plaintiff's Export Report Deadline* | Class Certification: 6/12/2017<br><br>Merits: 4 weeks following class certification ruling. | 30 days after the close of fact discovery |
| *Defendant's Export Report Deadline* | Class Certification: 7/12/2017<br><br>Merits: 8 weeks following class certification ruling. | 60 days after the close of fact discovery |
| *Expert Discovery Deadline* | Class Certification: 8/14/2017<br><br>Merits: 12 weeks following class certification ruling. | 90 days after the close of fact discovery |
| *Plaintiff's Deadline to Move for Class Certification* | 7/28/2017 | TBD |
| *Deadline for Dispositive Motions* | TBD | TBD |

c. **E-Discovery**

The Parties anticipate that discovery of electronically stored information ("ESI") will be necessary and have agreed to engage in further discussions regarding the appropriate ESI protocol. The Parties do not anticipate any e-discovery disputes but agree to consider seeking assistance from the E-Mediation Panel if necessary.

d. **Jury Trial Requested**

Plaintiff has requested a jury trial for all matters that can be so tried. The Parties anticipate that a trial in this matter will require approximately 3-5 days.

**II. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The Parties do not consent to proceed before a Magistrate Judge at this time.

**III. STATUS OF SETTLEMENT DISCUSSIONS**

The Parties have discussed the potential for early resolution of this matter, but do not believe any further settlement discussions are appropriate at this time.

\* \* \*

Date: August 5, 2016                         Respectfully submitted,

|  | /s/ Eve-Lynn J. Rapp |
|---|---|

Eve-Lynn J. Rapp
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.572.7210
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
Stewart R. Pollock*
spollock@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Attorneys for Plaintiff and the Putative Class and Subclass*

**Motion for leave to appear pro hac vice forthcoming*

|  |  |
|---|---|
| Date: August 5, 2016 | Respectfully submitted, |

/s/ Bradley T. Meissner

Steven P. Mandell
smandell@mandellmenkes.com
Danielle N. Twait
dtwait@mandellmenkes.com
MANDELL MENKES LLC
One North Franklin Street, Suite 3600
Chicago, IL 60606
Tel: 312.251.1000
Fax: 312.251.1010

Rodger R. Cole
rcole@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Tel: 650.988.8500
Fax: 650.938.5200

Bradley T. Meissner
bmeissner@fenwick.com
Annasara G. Purcell

4

apurcell@fenwick.com
FENWICK & WEST LLP
1191 2nd Avenue, 10th Floor
Seattle, WA 98101
Tel: 206.389.4510
Fax: 206.389.4511

*Attorneys for Defendant Nikil, Inc.*

## **CERTIFICATE OF SERVICE**

   I, Eve-Lynn J. Rapp, an attorney, hereby certify I served the above and foregoing ***Initial Joint Status Report***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 5th day of August 2016.

                  /s/ Eve-Lynn J. Rapp